UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| HOLLY A. PLATT, | ) | CIV. 08-5090-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| vs. | ) | EAJA FEE |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Holly A. Platt filed a motion for attorney's fees of $10,488.62 and expenses of $629.32, representing 6 percent sales tax on the fee pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Docket 21). The parties then filed a stipulation for payment of attorney fees in the amount of $8,988.62 and expenses of $539.32. (Docket 24). Accompanying the stipulation was plaintiff's proposed order granting motion for EAJA fees, which directed that the fee would "be issued to counsel in order to enable electronic deposit." (Docket 25). The Commissioner did not object to the proposed order.

On June 14, 2010, the United States Supreme Court entered its decision in Astrue v. Ratliff, ___ U.S. ___, 130 S. Ct. 2521 (2010) which reversed the decision of the Court of Appeals for the Eighth Circuit in Ratliff v. Astrue, 540 F.3d 800 (8th Cir. 2007). The Supreme Court ruled that

EAJA fees are payable to the litigant, not the lawyer. Ratliff, 130 S. Ct. at 2526-27.

Plaintiff filed a motion to withdraw from the stipulation and asked the court to grant the original motion for EAJA fees. (Docket 26). The Commissioner now asserts the stipulation should be enforced, but the payment should be made directly to plaintiff, subject to an offset under federal law in accordance with Ratliff. (Docket 29). The parties have briefed these matters and the issues are ripe for resolution.

## DISCUSSION

"It is well settled that stipulations . . . fairly entered into are controlling and conclusive and courts are bound to enforce them." Fenix v. Finch, 436 F.2d 831, 836 (8th Cir. 1971) (internal citations omitted). "[R]elief from such stipulations . . . [is] warranted only under exceptional circumstances." Id. (internal citations omitted).

Plaintiff asserts that Ms. Ratliff compromised her claim for attorney's fees under the EAJA in exchange for the Commissioner's agreement that the payment be expedited for electronic deposit into counsel's account. (Docket 28-1). The Commissioner's response does not deny that expedited payment was a significant factor in the stipulation. (Docket 29).

The court concludes that a timely payment of EAJA fees directly to Ms. Ratliff's account was a significant element of the stipulation. The ruling in Ratliff and the Commissioner's decision to withdraw from his earlier stipulation to make the payment directly to Ms. Ratliff's account are

exceptional circumstances. Plaintiff should be allowed to revoke the stipulation and proceed with her request for the original amount of attorney's fees under the EAJA.

Under the EAJA, a court shall award to a prevailing party, other than the United States, fees and expenses incurred in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party seeking such an award must comply with the following requirements: (1) the party must file an application for fees and expenses demonstrating the party is the prevailing party and is eligible to receive an award; (2) the party must submit the application within thirty (30) days of final judgment in the case; (3) the party must indicate the amount sought and provide an itemized statement in support thereof; and (4) the party must allege the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." Id.

The court finds Ms. Platt has complied fully with the requirements of the EAJA. Ms. Platt is the prevailing party under the court's reversal and award of benefits. (Docket 19). She alleged the position of the United States

exceptional circumstances. Plaintiff should be allowed to revoke the stipulation and proceed with her request for the original amount of attorney's fees under the EAJA.

Under the EAJA, a court shall award to a prevailing party, other than the United States, fees and expenses incurred in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party seeking such an award must comply with the following requirements: (1) the party must file an application for fees and expenses demonstrating the party is the prevailing party and is eligible to receive an award; (2) the party must submit the application within thirty (30) days of final judgment in the case; (3) the party must indicate the amount sought and provide an itemized statement in support thereof; and (4) the party must allege the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." Id.

The court finds Ms. Platt has complied fully with the requirements of the EAJA. Ms. Platt is the prevailing party under the court's reversal and award of benefits. (Docket 19). She alleged the position of the United States

was not substantially justified (Docket 21 ¶ 2) and this court agrees as is evident by its Order of March 29, 2010.  See Docket 19.

Ms. Ratliff requests an award of attorney's fees at the rate of $163.12 per hour.  (Docket 21-2)).  The EAJA sets a limit of $125 per hour for attorney's fees.  28 U.S.C. § 2412(d)(2)(A).  However, a court may award a higher hourly fee if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  Id.  The Commissioner did not object to a hourly rate of $163.12 for attorney's fees, nor has he filed any objection as to the total number of hours billed.  The court finds reasonable a rate of $163.12 per hour in light of the necessary adjustment for inflation and the training and experience of Ms. Ratliff in the practice of social security law.  The court has the discretion to reduce the amount of the award or deny an award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."  28 U.S.C. § 2412(d)(1)(C).  The court does not find such a reduction appropriate in this case.

The court resolves one final matter.  In her second motion, Ms. Ratliff requested the government issue a check directly to her.  (Docket 26). Ms. Ratliff moved for payment of fees directly to counsel before entry of the mandate in Ratliff.  Id. at p. 3.  The court finds Ms. Ratliff's position unconvincing.  The Court in Ratliff specifically noted "[t]he fact that the statute awards to the prevailing party fees in which her attorney may have a

4

beneficial interest *or a contractual right* does not establish that the statute 'awards' the fees directly to the attorney." Ratliff, 130 S. Ct. at 2526 (emphasis added). In her concurring opinion, in which Justices Stevens and Ginsburg joined, Justice Sotomayor noted "the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract." Id. at p. 2530.

**ORDER**

Accordingly, it is hereby

ORDERED that plaintiff's motion to revoke stipulation and seek approval of her original motion for EAJA fees (Docket 26) is granted in part and denied in part.

IT IS FURTHER ORDERED that Holly A. Platt is entitled to attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412(d), in the sum of $10,488.62.

IT IS FURTHER ORDERED that plaintiff Holly A. Platt is entitled to $629.32, representing 6 percent sales tax on the fee, for costs as authorized by 28 U.S.C. §§ 2412(a) and 1920, said costs to be paid from the Judgment Fund pursuant to 28 U.S.C. § 2412(c)(1).

IT IS FURTHER ORDERED that this award is without prejudice to plaintiff's rights to seek attorney's fees under 42 U.S.C. § 406(b) of the Social Security Act, subject to the offset provision of the EAJA; however, such award shall constitute a complete release from and bar to any and all other claims plaintiff may have relating to the EAJA in connection with this action.

IT IS FURTHER ORDERED that the United States forthwith shall issue a check for attorney's fees and costs directly to Holly A. Platt.

IT IS FURTHER ORDERED that the previous motions for payment of attorney's fees (Dockets 21 & 24) are denied as moot.

Dated August 24, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE